70 F.3d 637
 315 U.S.App.D.C. 76
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
 Joseph P. CONNORS, Sr., Trustee of the United Mine Workers
of America 1950 Pension Plan and the United Mine
Workers of America 1974 Pension Plan, et
al., Appellees,
v.
PETITTE BROTHERS MINING COMPANY, INC., et al., Appellants.
 
 No. 94-7223.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 25, 1995.
Rehearing and Suggestion for Rehearing In Banc Denied Dec. 12, 1995.
 Before: BUCKLEY, GINSBURG, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum it is
 
 
 2
 ORDERED and ADJUDGED that the orders of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellants, a defunct West Virginia coal mining company and its three individual corporate shareholders, seek review of the District Court's Orders finding the three individual appellants personally liable for "withdrawal liability" to two Pension Plans under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by The Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. Sec. 1381. For the reasons stated below, we affirm the District Court's Orders.
 
 
 5
 Appellants argue that application of the controlled group provision, id. Sec. 1301(b), violates the Tenth Amendment by abrogating state incorporation law. They are correct that in these circumstances the controlled group provision does result in the imposition of personal liability on Petitte Brothers' shareholders. Appellants, however, ignore the fact that their liability arises not from their status as corporate shareholders of Petitte Brothers, but rather from their status as partners in M & J and Maiden. Thus, the controlled group provision does not affect appellants' rights as corporate shareholders; it merely holds the two related partnerships liable for the debts of the corporation. That M & J and Maiden were partnerships rather than corporations was a choice appellants made. Indeed, had the individual appellants incorporated M & J and Maiden, they would not be personally liable. Accordingly, because the controlled group provision does not impose liability on appellants as corporate shareholders, there is no conflict with state incorporation law, and the question of preemption does not arise.
 
 
 6
 Appellants next argue that application of the controlled group provision to them results in a "taking" in violation of the Fifth Amendment. This argument is foreclosed by binding and unequivocal Supreme Court precedent. See Concrete Pipe & Prods. of Calif. v. Construction Laborers Pension Trust for Southern Calif., 113 S.Ct. 2264, 2289-92 (1993); Connolly v. Pension Benefit Guaranty Corp., 475 U.S. 211, 221-28 (1986). Appellants' reliance on Justice O'Connor's separate concurrence in Connolly is misplaced: not only did she agree with the holding of the Court, but her concern was "that the imposition of retroactive liability on employers for the benefit of employees may be arbitrary and irrational in the absence of any connection between the employer's conduct and some detriment to the employee," Connolly, 475 U.S. at 229 (O'Connor, J., concurring) (emphasis added), a concern not implicated in this case.
 
 
 7
 Lastly, appellants argue that the District Court erred in stating that the Plans were entitled to interest, liquidated damages, and attorney's fees and costs. The statute is clear, however, that such an award is mandatory in an action to enforce withdrawal liability. See 29 U.S.C. Secs. 1451(b), 1132(g)(2); see also Central States, Southeast and Southwest Areas Pension Fund v. Slotky, 956 F.2d 1369, 1377 (7th Cir.1992).